USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE EVANGELISTA,

Plaintiff,

-against-

WESTCHESTER COUNTY POLICE
DEPARTMENT; YPD; NYPD,

Defendants.

26-CV-1948 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at the Westchester County Jail, brings this action

*pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. He

names as defendants: (1) the Westchester County Police Department, also known as the

Westchester County Department of Public Safety; (2) "YPD," referring to the Yonkers Police

Department; and (3) "NYPD," referring to the New York City Police Department.

By order dated April 10, 2026, the court granted Plaintiff's request to proceed *in forma

pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons that follow, the Court:

(1) dismisses, for failure to state a claim, all claims against the Westchester County Police

Department, YPD, and NYPD, for failure to state a claim; (2) adds as defendants, under Rule 21

of the Federal Rules of Civil Procedure, the City of New York, the City of Yonkers, John Doe 1

(of the NYPD), John Doe 2 (of the NYPD), John Doe 3 (of the YPD), and John Doe 4 (of the

YPD); (3) directs the New York City Law Department and the City of Yonkers Office of the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Corporation Counsel to identify the Doe defendants; (4) requests that the City of New York waive service of a summons; and (5) directs service on Defendant City of Yonkers.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.    Defendant Westchester County Police Department

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions

from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

In the complaint, Plaintiff makes no allegations whatsoever regarding the Westchester County Police Department or any of its employees. Rather, he alleges that officers of two other law enforcement agencies—the NYPD and YPD—were involved in the circumstances leading to his arrest. Because Plaintiff makes no allegations involving the Westchester County Police Department or its employees, Plaintiff has failed to state a claim against this Defendant. The Court therefore dismisses, for failure to state a claim, all claims against the Westchester County Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Addition and identification of "John Doe" defendants**

Plaintiff sues both the NYPD and YPD, but he does not name as defendants any NYPD or YPD employees who allegedly played a role in his arrest. In light of the Court's belief that Plaintiff intends to pursue relief related to his allegedly unlawful arrest, the Court liberally construes the complaint as asserting claims against John Doe 1 and John Doe 2 of the NYPD, who allegedly rear-ended Plaintiff's vehicle and told YPD officers that Plaintiff's car was stolen, and John Doe 3 and John Doe 4 of the YPD, who allegedly initiated a car stop, drew their weapons on Plaintiff, and thereafter pursued him by vehicle and on foot. The Court therefore directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption to add as defendants John Doe 1 and John Doe 2 of the NYPD and John Doe 3 and John Doe 4 of the YPD. This amendment is without prejudice to any defenses that any of these Doe defendants, once identified, may assert.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify John Doe 1 and John Doe 2, who, on

3

December 10, 2025, allegedly rear-ended Plaintiff's vehicle on White Plains Road and thereafter reported to YPD that Plaintiff's car had been reported stolen. Plaintiff also supplies sufficient information to allow the YPD to identify John Doe 3 and John Doe 4, who allegedly initiated a car stop on Plaintiff's vehicle on December 10, 2025, drew their weapons on him, pursued him in their vehicle and on foot, and thereafter arrested him.

It is therefore ordered that the New York City Law Department and the City of Yonkers Office of the Corporation Counsel, which are the attorneys for and agents of the NYPD and YPD, respectively, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The New York City Law Department and the City of Yonkers Office of the Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents

---

[2] If the NYPD Doe defendants are current or former NYPD employees or officials, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service at an NYPD stationhouse. If the NYPD Doe defendants are not current or former NYPD employees or officials, but otherwise work or worked for the NYPD, the New York City Law Department must provide a residential address where the individual may be served.

Similarly, if the YPD Doe defendants are not current or former YPD employees or officials, but otherwise work or worked for the YPD, the City of Yonkers' Office of the Corporation Counsel must provide a residential address where the individual(s) may be served.

necessary to effect service to the U.S. Marshals Service or asking the newly named defendant to waive service, as appropriate.

**C.      Defendants YPD and NYPD**

The Court must dismiss Plaintiff's claims against the NYPD, an agency of the City of New York, because it is not a suable entity. *See* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Thus, the Court dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Similarly, the YPD, which is an agency of the City of Yonkers, is not an entity that can be sued under the Yonkers municipal charter or code. *See* City of Yonkers, NY Charter, Art. XII, §§ C12-1 to C12-11) (Police Department); *Green v. City of Yonkers*, N.Y., No. 10-CV-3653 (JFK), 2012 WL 554453, at *6 (S.D.N.Y. Feb. 21, 2012) (holding that the YPD "does not exist separate and apart from the municipality and does not have its own legal identity" (citations omitted)). Plaintiff's claims against the YPD must therefore be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's clear intent to pursue claims against administrative arms of both the City of New York and the City of Yonkers, the Court liberally construes the complaint as asserting claims against these municipalities. For that reason, the Court directs the Clerk of Court, under Rule 21, to amend the caption to add the City of New York and the City of Yonkers

as defendants in this action. This amendment is without prejudice to any defenses that these municipalities may wish to assert.

**D.       Request for waiver of service from Defendant City of New York**

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**E.       Service on Defendant City of Yonkers**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of Yonkers through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant City of Yonkers.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Westchester County Police Department, NYPD, and YPD, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York, the City of Yonkers, John Doe 1 (of the NYPD), John Doe 2 (of the NYPD), John Doe 3 (of the YPD), and John Doe 4 (of the YPD) as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

The Clerk of Court is instructed to issue a summons for Defendant City of Yonkers, complete the USM-285 form with the address for Defendant City of Yonkers, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the City of Yonkers Office of the Corporation Counsel at: 40 South Broadway, Yonkers, NY 10701.

An "Amended Complaint" form is attached to this order.

7

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: April 16, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT CITY OF YONKERS**

City of Yonkers
City of Yonkers' Office of the Corporation Counsel
40 South Broadway
Yonkers, NY 10701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name              Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                          Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

Prison Address

| County, City | State | Zip Code |
| --- | --- | --- |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6